UNITED STATES of America,
Plaintiff–Appellee,

v.

Scott Ronald BRASLAU, Defendant–
Appellant.

No. 03–41427.
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Decided July 8, 2004.

James Lee Turner, Assistant U.S. Attor-
ney, John Richard Berry, Assistant U.S.
Attorney, U.S. Attorney's Office, Houston,
TX, for Plaintiff–Appellee.

Roland E. Dahlin, II, Federal Public
Defender, H. Michael Sokolow, Federal
Public Defender's Office, Houston, TX, for
Defendant–Appellant.

Before WIENER, DeMOSS, and
PICKERING, Circuit Judges.

PER CURIAM: *

Scott Ronald Braslau (Braslau) appeals
his sentence imposed following his guilty-
plea conviction for one count of theft of
United States mail, a violation of 18 U.S.C.
§ 1708. Braslau argues that the district

* Pursuant to 5 TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under
the limited circumstances set forth in 5 TH CIR.
R. 47.5.4.

court erred by relying on improper factors when it departed upward on the ground that his criminal history category under-represented the seriousness of his criminal history. Specifically, Braslau contends that the district court improperly departed because it did not personally agree with the applicable guidelines. Braslau further argues that the district court improperly focused on the number of prior convictions, rather than their nature, in deciding to depart upward. Lastly, Braslau contends that the district court did not state its reasons on the record for rejecting inter-mediate base-offense levels. For these reasons, Braslau requests this court to va-cate his sentence and remand for resen-tencing.

The district court gave acceptable rea-sons for its departure, and the extent of the departure was reasonable. *See United States v. Rosogie,* 21 F.3d 632, 633–634 (5th Cir.1994). Although the district court's reasons for rejecting the interven-ing levels could have been more explicit, the record presents a sufficient basis upon which this court may reasonably conclude that the district court throughly consid-ered the appropriate guidelines in arriving at its ultimate sentence. *See United States v. Lambert,* 984 F.2d 658, 663 (5th Cir.1993). Because the district court did not plainly err in upwardly departing, Braslau's sentence is AFFIRMED. *See United States v. Vasquez,* 216 F.3d 456, 459 (5th Cir.2000).

AFFIRMED.